UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

‾‾‾‾‾

JAMES DANIEL MITCHELL,

                    Plaintiff,                                    Case No. 1:08-cv-313

v.                                                                        Honorable Robert J. Jonker

PATRICIA L. CARUSO et al.,

                    Defendants.

_____/

## REPORT AND RECOMMENDATION

            This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff is presently incarcerated in the Bellamy Creek Correctional Facility (IBC). In his *pro se* complaint, Plaintiff sues Michigan Department of Corrections (MDOC) Director Patricia L. Caruso, Grievance Respondent James Armstrong, IBC Warden Kenneth McKee, IBC Assistant Deputy Warden D. Johnson, IBC Grievance Coordinators R. Carpenter and S. Smith, and IBC Assistant Resident Unit Supervisors (ARUS) Lisa English and Bradley Rozen.

On June 1 and November 19, 2007, Plaintiff kited ARUS English and Rozen, respectively, requesting to be transferred to a Level II facility in order to complete his "mandatory requirements [] from the Regional Guidance Center." (Compl. at 2, docket #1; Ex. A to Compl.) In order to be eligible for parole, Plaintiff must complete certain programs required by the Regional Guidance Center. (Ex. C-1 to Compl.) On June 3, 2007, Defendant English rejected Plaintiff's request because the MDOC recently reduced his security classification from Level V to Level IV, and, thus, it was necessary for Defendant English to see a six to nine month period of positive adjustment in Plaintiff's behavior. (Ex. A to Compl.)

On November 19, 2007, Plaintiff filed a Step I grievance against ARUS Rozen in Grievance No. IBC-07-11-3411-28A because of the lack of programs at IBC required by the Regional Guidance Center. (Ex. C-1 to Compl.) Defendants Carpenter and Johnson rejected Plaintiff's Step I grievance as duplicative of a previous grievance. (*Id.*) Plaintiff, however, alleged that he never filed another grievance. (Compl. at 3.) On November 28, 2007, Plaintiff requested proof from Defendant Carpenter that his grievance was duplicative of another grievance. (Ex. D to Compl.)

- 2 -

On November 28, 2007, Plaintiff filed another the Step I grievance, identified as Grievance No. IBC-2007-12-3482-11G, against Defendant Smith for failing to provide him with any evidence of the duplicative grievance. (Compl. at 3; Ex. E-1 to Compl.) On December 4, 2007, Plaintiff received the Step I response for Grievance No. IBC-2007-12-3482-11G, stating that there was not a duplicative grievance for Grievance No. IBC-07-11-3411-28A. (Compl. at 3.) Therefore, the Step I Respondents, Defendants Smith and Johnson, directed Plaintiff to file a Step II appeal for Grievance No. IBC-07-11-3411-28A. (Ex. E-1 to Compl.)

On December 6, 2007, Plaintiff filed a Step II appeal for Grievance No. IBC-07-11-3411-28A. (Exs. F-1 & G to Compl.) Defendant McKee, however, upheld the Step I response that the grievance was duplicative. (*Id.*) Plaintiff filed another Step II appeal to Defendant McKee on December 12, 2007. (Compl. at 3; Ex. F-2 to Compl.) Again, Defendant McKee found the Step I response to be adequate. (*Id.*)

On December 12, 2007, Plaintiff filed a Step III appeal to Defendant Caruso because the Step I and Step II Respondents allegedly did not resolve Plaintiff's grievance. (*See* Ex. G to Compl.) Defendant Armstrong, the Step III Respondent, however, erroneously reviewed Plaintiff's grievance as complaining of the issue in the duplicative grievance. (*See* Ex. H to Compl.) Defendant Armstrong later amended his Step III response on March 10, 2008 as follows:

> The Grievant alleges that IBC does not offer the programs required by RGC [Regional Guidance Center]. He seeks compliance as relief.
>
> The investigator has reviewed the record presented with the Step Three appeal. All relevant information was considered. Based on this review, the responses provided at Step One and Step Two adequately address the merits of the main issue grieved.
>
> The Grievant did not provide sufficient evidence to corroborate his allegations. The Grievant has not provided any documentation that would support an error in this

determination.  In addition, the record presented with the appeal does not suggest that further action is justified at this time.

The issue is [sic] duplicate [sic] to IBC 07-06-01623-21c was properly addressed. Therefore, the Step Three appeal is denied.

(Ex. H-1 to Compl.)

Plaintiff alleges that Defendants Rozen, Carpenter, Smith, Johnson, McKee, Armstrong and Caruso failed to properly investigate Plaintiff's grievance in violation of the Eighth and Fourteenth Amendments.  (Compl. at 4.)  Plaintiff also alleges that Defendants violated several Michigan statutes and administrative rules, and MDOC Policy Directive 05.03.130.  (Compl. at 3.) Plaintiff requests injunctive relief and compensatory and punitive damages.

II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.    **Due Process**

Plaintiff claims that Defendants violated his due process rights (i) by failing to properly review his grievance, and (ii) failing to classify him as a Level II prisoner in order to

- 4 -

complete the requirements of the Regional Guidance Center.  To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law.  *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir.2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006).

First, Plaintiff has no due process right to file a prison grievance.  The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure.  *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  Michigan law does not create a liberty interest in the grievance procedure.  *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).  Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

Second, Plaintiff does not have a federally cognizable liberty interest in participating in rehabilitative treatment programs.  Federal courts have consistently found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment.  *See, e.g.*, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)  (Due Process Clause was not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d

- 5 -

950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job");

*Antonelli*, 81 F.3d at 1431(participation in a rehabilitative program is a privilege that the Due

Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no

constitutional right to rehabilitative services); *Carter v. Morgan*, No. 97-5580, 1998 WL 69810, at

*2 (6th Cir. Feb. 10, 1998) (no constitutional right to educational classes); *Tribell v. Mills*, No. 93-

5399, 1994 WL 236499, at *1 (6th Cir. June 1, 1994) ("[N]o constitutional right to vocational or

educational programs").  Under these authorities, Plaintiff fails to state a due process claim arising

from Defendants' decision to deny him access to certain programs of the Regional Guidance Center.

    To the extent Plaintiff complains of his security level, he also fails to state a claim.

The Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated

in a particular facility or to be held in a specific security classification.  "[A]n inmate has no

justifiable expectation that he will be incarcerated in any particular prison within a State . . . ."*Olim*,

461 U.S. at 245; *see also Moody*, 429 U.S. at 88 n.9; *Meachum v. Fano*, 427 U.S. 215, 228-29

(1976).  The Sixth Circuit has followed the Supreme Court's rulings in a variety of security

classification challenges.  *See, e.g.*, *Cash v. Reno*, No. 97-5220, 1997 WL 809982, at *1-2 (6th Cir.

Dec. 23, 1997) (prisoner's allegation that he was placed in a security level higher than warranted

based on the information contained in his prison file failed to state a due process claim because he

had no constitutional right to be held in a particular prison or security classification); *O'Quinn v.*

*Brown*, No. 92-2183, 1993 WL 80292, at *1 (6th Cir. Mar. 22, 1993) (prisoner failed to state a due

process or equal protection claim regarding his label as a "homosexual predator" because he did not

have a constitutional right to a particular security level or place of confinement).  The failure of

prison officials to change an inmate's security classification, with nothing more, is not the type of

atypical and significant deprivation in which an inmate might have a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). The Sixth Circuit has held that "the denial of participation in a community placement program is not the type of atypical and significant deprivation in which the state might create a liberty interest." *Davis v. Loucks*, No. 96-1583, 1997 WL 215517, at *1 (6th Cir. Apr. 29, 1997) (citing *Sandin*, 515 U.S. at 483-84). Because Plaintiff does not have a constitutional right to a particular security level or classification, he fails to state a claim.

### B.      Eighth Amendment

Plaintiff alleges that the malicious and sadistic grievance investigation by Defendants Rozen, English, Carpenter, Smith, Johnson, McKee, Armstrong and Caruso violated his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant

experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Plaintiff's allegations utterly fail to rise to an Eighth Amendment violation. He is merely complaining of the inconvenience caused by Defendants' errors in the three-step grievance process regarding the duplicative grievance. Defendant Armstrong ultimately addressed the merits of Plaintiff's grievance in his March 10, 2008 Step III response for Grievance No. IBC-07-11-3411-28A. (*See* Ex. H-1 to Compl.) Allegations about errors in the grievance process do not involve the denial of the "minimal civilized measure of life's necessities," i.e. food, medical care or sanitation. *Rhodes*, 452 U.S. at 347-48. Further, temporary inconveniences fail to demonstrate that the conditions of confinement fell beneath the minimal civilize measure of life's necessities as measured by a contemporary standard of decency. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (temporary inconveniences, such as being deprived of a lower bunk, subjected to a flooded cell, and deprived of a working toilet, fail to state an Eighth Amendment claim); *J.P. v. Taft*, 439 F.Supp.2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (internal citation omitted)). Therefore, Plaintiff fails to state an Eighth Amendment claim.

## C. State Law

Plaintiff alleges that Defendants violated several Michigan statutes and administrative rules, and MDOC Policy Directive 05.03.130. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687 at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy

directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest).  To the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction.  The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances.  *See Landefeld v. Marion Gen. Hosp.*, *Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993);  *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *2 (6th Cir. June 18, 1998).  Accordingly, I recommend that this claim be dismissed without prejudice.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  June 3, 2008                         /s/ Hugh W. Brenneman, Jr.
                                             HUGH W. BRENNEMAN, JR.
                                             United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).